UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KENNETH D. BELL,**

    Plaintiff,

v.                                                                         Case No: 5:20-mc-10-JSM-PRL

**NATHANIEL WOODS,**

    Defendant.

## REPORT AND RECOMMENDATION[1]

This miscellaneous matter arises out of a large Ponzi scheme that was the subject of an enforcement action by the Securities and Exchange Commission ("SEC"). Nationwide Judgment Recovery ("NJR") appears as assignee of Matthew Orso, the successor trustee to Kenneth Bell in his capacity as court-appointed receiver for Rex Venture Group, LLC. In this matter, following registration of a foreign judgment, NJR sought writs of garnishment against two banks believed to have assets of Defendant/judgment debtor Nathaniel Woods. Pending before the Court upon referral are Defendant/judgment debtor's motions to dissolve the writ of garnishment (Doc. 20) and to quash the writ of garnishment (Doc. 21), to which NJR has filed responses in opposition. (Docs. 24 & 25). On January 6, 2022, pursuant to prior notice and Florida Statute § 77.07, the Court conducted a hearing on the motions during which the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

parties presented oral argument.[2] For the reasons explained below, I recommend that Defendant's motions be denied.

## I. BACKGROUND

This matter arises out of a large Ponzi scheme in which many individuals were enriched at the expense of many other victims. The scheme, known as ZeekRewards, was based in North Carolina and was the subject of extensive investigation and enforcement by the SEC. To create the appearance of legitimacy, the perpetrators of the scheme required the victims to perform token work such as placing ads for ZeekRewards on free classified sites. Meanwhile, the victims were promised unsustainable returns and could see their online accounts increasing by a percentage that supposedly reflected their profit. Some participants in the scheme withdrew money before the scheme folded and became "Net Winners." There were approximately 14,700 Net Winners.

The SEC filed an enforcement action shutting down ZeekRewards and freezing its assets. As part of that action, a Receiver was appointed and tasked with "clawing back" the ill-gotten profits received by Net Winners and redistributing as many of those funds as possible to the victims.

The United States District Court for the Western District of North Carolina certified a defendant class, consisting of all persons who had "won" more than $1,000 from the ZeekRewards scheme. Defendant/judgment debtor Nathaniel Woods, as a member of the Net Winner Class, was represented in the class action by class counsel. Summary judgment was granted in favor of the Receiver on liability, and the Western District of North Carolina

---

[2] Although provided the opportunity to do so, neither party presented evidence nor requested an expansion of the hearing beyond oral argument. (Doc. 27).

issued a process order to assist the court with determining the amount of final judgment as to each defendant. Judgments were entered as to the numerous Net Winners. NJR represents that Woods was among the Net Winners who benefited the most – by nearly a half million dollars – from the scheme. Judgment was entered against Defendant Woods in the amount of $642,844.62, which includes $78,680.69 plus prejudgment interest. (Doc. 1). The matter was appealed and affirmed by the Fourth Circuit.

In 2019, the Receiver sold and assigned 6,638 of the final judgments to Nationwide Judgment Recovery, Inc. (NJR), a subsidiary or related company to Blue Sky Research Bureau, Inc., including the final judgment against Woods. Indeed, the assignment of judgment filed in the Western District of North Carolina confirms the assignment of the judgments from Matthew Orso (as successor Receiver) to Nationwide Judgment Recovery Inc. (Doc. 20, p. 8). On September 2, 2020, as part of the recovery efforts, the judgment against Woods was registered in this Court (Doc. 1), and NJR sought writs of garnishment that were issued by the Court as to two banks. (Docs. 6 & 7). Defendant Woods has responded to the writs and seeks to dissolve or quash them. (Docs 20 & 21).

## II.  LEGAL STANDARDS

Writs of garnishment are governed by the Florida Statutes. Florida Statute Chapter 77.07, Dissolution of Writ, provides:

> (1) The defendant, by motion, may obtain the dissolution of a writ of garnishment, unless the petitioner proves the grounds upon which the writ was issued and unless, in the case of a prejudgment writ, there is a reasonable probability that the final judgment in the underlying action will be rendered in his or her favor. The court shall set down such motion for an immediate hearing. If the writ is dissolved, the action then shall proceed as if no writ had been issued.

> (2) The defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue. On such motion this issue shall be tried, and if the allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved. Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in a default posture as to the party involved.
>
> (3) If the motion denies the debt demanded before judgment, the judge may require pleadings on motion of either party on the debt demanded to be filed in such time as he or she fixes.
>
> (4) The issue, if any, raised by the pleadings shall be tried at the same time as the issue, if any, made by defendant's motion to plaintiff's motion.
>
> (5) If the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall automatically be dissolved and the garnishee shall be discharged from further liability under the writ. The plaintiff has the right to extend the writ for an additional 6 months by serving the garnishee and the defendant a notice of extension and filing in the underlying proceeding a certification of such service.

Fla. Stat. § 77.07.

Further, § 77.08 provides, "[o]n demand of either party a jury summoned from the body of the county shall be impaneled to try the issues." *See also Navon, Kopelman & O'Donnell, P.A. v. Synnex Information Techs. Inc.*, 720 So. 2d 1167, 1168 (Fla. Dist. Ct. App. 1998) (explaining the general process for dissolving a writ).

### III. DISCUSSION

In his motions, Woods presents two primary arguments for dissolving or quashing the writs. The challenges raised are legal ones. The Court will address each argument in turn.

### A. NJR'S STANDING TO ENFORCE THE JUDGMENT

First, Woods contests this action and asserts that NJR lacks standing and the legal authority to have registered and enforce the judgement. Woods contends that this action is not brought by the real party in interest, arguing that the judgment was sold. Woods complains that because the Plaintiff sold and assigned the subject judgment, NJR lacks standing to pursue the writs of garnishment.

NJR responds that this objection amounts to nothing more than a criticism of a routine administrative practice and it should not prevent this Court from recognizing the foreign judgment. NJR explains that, while the judgment is now owned by National Judgment Recovery, court procedures required that this action be initiated with the same case style as the underlying judgment, and that there is no dispute that it is the real party in interest that is enforcing the judgment. NJR also points out that the sale of the judgment against Woods was approved by the court, as part of a process that allowed the Receiver to begin distributing funds to the victims without having to individually pursue the final judgments against each Net Winner. (Doc. 24, p. 4). *See S.E.C. v. Rex Ventures Group, LLC*, Case No. 3:12-cv-519, ECF No. 753 (Order Granting Receiver's Motion to Approve the Sale) and ECF No. 807, at p. 5, n. 5 (W.D.N.C. May 14, 2021) (noting amount of proceeds distributed to victims of the fraud).

NJR further explains that when it attempted to register the final judgments in federal courts in Florida, it was informed by the Clerk's office for both the Southern and Middle Districts of Florida that, for ministerial purposes, the cover sheets had to be completed using the original caption of the judgment. (Doc. 24-1). Counsel also attests that at no point has she represented that she represented the Receiver, and all filings have explicitly stated that NJR is the assignee of the judgments from the Receiver. (Doc. 24, p. 4). A review of the pleadings

confirms this statement; the signature blocks for counsel on the motions for the writs of garnishment reflect that they are submitted by counsel for NJR, "assignee of Matthew Orso as successor trustee to Kenneth D. Bell in his capacity as court-appointed receiver for Rex Venture Group, LLC." (Docs. 2 & 3). NJR also argues that, if necessary, the Court could permit substitution of the correct named party to resolve the issue.

Rule 25(c) of the Federal Rules of Civil Procedure states that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." It is well settled that substitution is committed to the discretion of the court. "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). Substitution under Rule 25(c) is procedural only and does not impact the substantive rights of the parties. *See id*.

Here, the Court agrees that this miscellaneous matter and the issuance of the writs of garnishment are a continuation of the original litigation that produced the judgment. Thus, under Rule 25(c), the litigation may be continued by NJR (the party in interest) and against Woods (the original party). Both the record and the parties' briefs and arguments support the conclusion that NJR is the party in interest as the assignee of the subject judgment. Woods's motion to dissolve the writ of garnishment on the ground that NJR lacks standing is unavailing.

### B. COLLATERAL ATTACK ON THE CLASS ACTION JUDGMENT

Second, Woods attacks the Final Judgment by claiming that the Western District of North Carolina lacked personal jurisdiction over him as a member of the Net Winner class,

and that he did not receive proper notice of that action. Woods states that he is "asserting a collateral attack on the class action judgment from another district." (Doc. 21, p. 3). Defendant asks the Court to enter an order declaring the judgment nonbinding and unenforceable against him in Florida. (Doc. 21, p. 3).

NJR contends this argument is meritless and points out that the Fourth Circuit affirmed the order regarding process, concluding that it "provided a process by which damages could be individually challenged and litigated." *Bell v. Brockett*, 922 F.3d 502, 514 n. 8 (4th Cir.), *cert. denied sub nom. Brockett v. Orso for REX Venture Grp.*, LLC, 140 S. Ct. 469, 205 L. Ed. 2d 273 (2019).

Rule 60(b) of the Federal Rules of Civil Procedure addresses "Grounds for Relief from a Final Judgment, Order, or Proceeding," and provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons." Subsection (4) specifies "the judgment is void," and subsection (6) specifies "any other reason that justifies relief."

The bar for relief under Rule 60(b)(4) is high. Such relief is "extraordinary" and is not available simply if a judgment "may have been erroneous." *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 737 (11th Cir. 2014) (internal citations omitted). Further, the burden is on the movant to prove that the rendering court "lacked an even arguable basis for exercising jurisdiction." *Pierce v. Kyle*, 535 Fed. App'x 783, 785 (11th Cir. 2013). Even under exceptional circumstances, the decision of whether to grant the requested relief is a matter for the district court's sound discretion. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir.2000).

The undersigned submits that the relief requested by Woods should not be granted. As outlined in detail in NJR's brief and oral argument, Woods's arguments regarding lack of personal jurisdiction lack merit.

First, personal jurisdiction need not be established as to every member of a defendant class individually. *See Nat'l Fair Hous. All. v. A.G. Spanos Const., Inc.*, 542 F. Supp. 2d 1054, 1064 (N.D. Cal. 2008) ("it is well settled that jurisdiction is not needed over absent members of a defendant class."), citing 2 Newberg on Class Actions § 4:34 (4th ed.). Indeed, the Fourth Circuit addressed this argument and noted that, absent explicit findings concerning personal jurisdiction, due process concerns were protected through Rule 23. *See Bell*, 922 F.3d at 511 n. 3. Second, Woods was represented by class counsel and waived the issue of personal jurisdiction by failing to make the argument in the trial court or raise it on appeal. *See id.*, 922 F.3d 502, 512 at n. 4.

Third, NJR contends that the Western District of North Carolina had personal jurisdiction over Woods due to his contract with a North Carolina entity and his actions to collect his "rewards." NJR explains:

> As a Net Winner, Woods both had to log in to report making his daily advertisement and to withdraw money from ZeekRewards' North Carolina bank account – a fact Woods omits from the Motion, but which is more than sufficient to establish personal jurisdiction in this case (if that were even required, which it is not).

(Doc. 25, p. 12). Indeed, this personal jurisdiction argument has been advanced by other Net Winners and has been uniformly rejected by every other court that has heard it. *See Bell v. Brownie*, 3:15 CV 70, 2016 WL 447723 (W.D.N.C. Feb. 4, 2016) (a Net Winner repeatedly logging in to the "back office" page to report having met the "daily advertising requirement" and withdrawing money from the scheme via ZeekRewards' account in North Carolina

qualified for providing personal jurisdiction); *Bell v. Boom*, 3:15-cv-202, 2016 WL 715742, at *2 (W.D.N.C. Feb. 22, 2016); *Bell v. Hagit Rockah*, 3:15-cv-193, 2016 WL 4467915 (W.D.N.C. Aug. 22, 2016).

Further and significantly, this Court is not the appropriate venue for Woods's motion. Woods seeks to attack a judgment issued in a case involving years of litigation, involving thousands of parties, and involving an SEC enforcement action. Importantly, the case has been appealed to and affirmed by the Fourth Circuit. *See Bell*, 922 F.3d at 514. NJR asserts that "[w]ell-established principles of comity counsel that the Western District of North Carolina – not the Middle District of Florida – should hear Woods' challenge, if he wishes to bring it there." (Doc. 25, p. 15). The Court agrees and should decline to entertain the challenge to the judgment. *See Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment. . . . In the usual case, the court of rendition will be more familiar with the facts than the court of registration and perhaps more conversant with the applicable law.") Finally, although Defendant argues that *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 878 (1st Cir. 1977) supports his assertion that this Court is the best venue to consider the validity of the judgment, that argument is misplaced because that case pertains to the res judicata effect of a judgment and not the issue raised here.

## IV. RECOMMENDATION

For the reasons explained above, I recommend that Defendant/judgment debtor Nathaniel Woods's motions to dissolve the writ of garnishment (Doc. 20) and to quash the writ of garnishment (Doc. 21) both be DENIED.

Recommended in Ocala, Florida on January 7, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy